EDWIN A. LOMBARD, Judge.
|,The juvenile, C.J.[1], appeals his adjudication as a delinquent, arguing that the evidence is insufficient, the sentences were imposed without the requisite disposition hearing, and the fee assessed exceeds the statutory maximum. After review of the record in light of the applicable law and arguments of the parties, we affirm the juvenile’s adjudication, but vacate the sentences and fee imposed and remand the matter back to the trial court for a disposition hearing in accordance with La. Ch. Code art. 892.

Relevant Facts and Procedural History

On June 10, 2018, the fourteen-year old juvenile was arrested and removed from Odyssey House (where he had been sent by court order to receive substance abuse treatment) after Jerry Glen Estopinal, principal/teacher at Odyssey House Academy, saw him strike another juvenile (C.E.) three times on the back of the head and then, after being removed from the area to speak with a counselor, return and slap another juvenile (on the back of the head). The purported victims did not give a statement to the arresting officer.
On June 19, 2013, the juvenile was charged by petition with two counts of simple battery, a violation of La.Rev.Stat. 14:35. Represented by counsel, he |2denied the charges. On motion by defense counsel and in accordance with La. Ch.Code art. 834, the juvenile court appointed a competency commission. Based on the reports of the commission members, the court determined on February 4, 2014, that the juvenile was competent to proceed. On that same date, the court set and held the adjudication hearing. The following evidence was adduced.
The only witness, Mr. Estopinal, testified that on the morning of the incident C.J. walked into the cafeteria (where the resident students were gathered before beginning their group therapy sessions), approached C.E. and struck him on the head three times. According to Mr. Estopinal, C.E. “screamed a little bit and winced in pain and complained and held his head” after C.J. struck him. The counselor separated the students, taking C.J. out of the cafeteria. After five to ten minutes, C.J. returned alone to the cafeteria and “punched the other student [J.B.] in the back of the head ... once or twice, maybe three times.... ” According to Mr. Esto-pinal, the attack was unprovoked and J.B. “just sort of grabbed his head and winced and went over like that and kind of cried and complained.” The police were called and C.J. was arrested. On cross-examination, Mr. Estopinal stated that he had no knowledge of prior confrontations of C.J. and C.E. or J.B.
At the end of Mr. Estopinal’s testimony, alleging that the State failed to meet its burden of proof, defense counsel moved for a judgment of acquittal. The motion was denied and both sides rested without further testimony. Defense counsel again asserted in closing argument that the State failed to meet its burden because it put forth no evidence that the victims did not consent to the battery and, alternatively, because Mr. Estopinal could not testify as to what happened between |3the boys (who shared a dorm room) prior to the incident there was no evidence that C.J. did not act in self-defense.
*469 After a brief recess, the juvenile was adjudicated delinquent as to both counts of simple battery. The trial court immediately sentenced the juvenile to concurrent six month commitments to the Department of Public Safety and Corrections, suspended the sentence and placed the juvenile on one-year active probation under the supervision of the Office of Juvenile Justice. In addition, the juvenile court ordered that the “parents are accessed a $55.00 fee....”
This appeal is timely.

Assignment of Error No. 1

The juvenile argues that the court erred in adjudicating him delinquent “merely upon an observance of an aggressive act.”
Battery is defined as “the intentional use of force or violence upon the person of another.” La.Rev.Stat. 14:33. “Simple battery is a battery committed without the consent of the victim.” La.Rev.Stat. 14:35. The juvenile asserts that because the victims did not testify the State faded to prove the victim’s non-consent and “[i]n this case, the simple slaps were not egregious injuries warranting an automatic invalidation of consent.”
Consent is defined as the “Agreement, approval, or permission as to some act or purpose.” Black’s Law Dictionary 323 (8th ed. 2004). Consent may be express, i.e., “clearly and unmistakably stated,” or implied, ie., “inferred from one’s conduct.” Id.
The juvenile’s argument is without merit. The response of the two victims in this case, as observed and testified to by Mr. Estopinal, was clearly neither explicit nor implied. Both victims reacted with pain and complaints. Given our | Jimited role in viewing the evidence in the light most favorable to the prosecution, see Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. KM., 10-0649, pp. 4-5 (La.App. 4 Cir. 9/29/10), 49 So.3d 460, 463-464, we must find that the evidence is sufficient to support the juvenile’s adjudication on both counts of simple battery.

Assignment of Error No. 2

The juvenile argues that the court erred in failing to conduct the required disposition hearing and in assessing an excessive fee. We agree.
Pursuant to La. Ch.Code art. 892, the court “shall conduct a disposition hearing” prior to entering a judgment of disposition. Although “[t]he disposition hearing may be conducted immediately after the adjudication,” La. Ch.Code art. 892, “unless the child waives a presentation, the court shall hear evidence as to whether the child is in need of treatment or rehabilitation and shall make and file its findings.” La. Ch. Code art. 893.
There is no indication in the record that the juvenile waived a presentation in this case. The transcript reveals that immediately after adjudicating him delinquent, the court imposed sentence. The record indicates that the child has serious emotional issues, including a suicide attempt in the intervening months between arrest and adjudication, but the court articulated no oral or written reasons for its disposition and, thus, apparently did not consider whether the juvenile is in need of treatment as mandated by La. Ch.Code art. 893. In addition, the $55.00 fee assessed is in excess of that authorized by La.Rev. Stat. 13:1595.2. Accordingly, the disposition is vacated.

1RConclusion

The juvenile’s adjudication is affirmed, but we vacate the disposition (sentences and fee) and remand the matter back to the juvenile court for a disposition hearing in accordance with La. Ch.Code art. 893 *470 and assessment of fees authorized by La. Rev.Stat. 18:1595.2
ADJUDICATION AFFIRMED; DISPOSITION VACATED; REMANDED.
LOVE, J., dissents and assigns reasons.

. As is customary, juveniles are referred to only by initials.